IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| FAMILY OF LAMONTE BROWN, JR., | : | |
| Plaintiff, | : | Case No. 3:23-cv-182 |
| v. | | Judge Walter H. Rice |
| MONTGOMERY COUNTY, OHIO, SHERIFF'S DEP'T, et al., | : | Magistrate Judge Caroline H. Gentry |
| Defendants. | : | |

---

DECISION AND ENTRY GRANTING DEFENDANT MONTGOMERY COUNTY, OHIO, SHERIFF'S OFFICE'S MOTION TO DISMISS (DOC. #4) AND DEFENDANT WRIGHT PATTERSON AIR FORCE BASE'S MOTION TO DISMISS (DOC. #7); PLAINTIFF FAMILY OF LAMONTE BROWN, JR.'S COMPLAINT (DOC. #1-3) IS DISMISSED WITH PREJUDICE AS AGAINST THE OFFICE AND WITHOUT PREJUDICE AS AGAINST THE BASE; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

On June 1, 2023, Dashalahn Brown, as the representative of Plaintiff Family of LaMonte Brown, Jr., filed a *pro se* Complaint in the Montgomery County, Ohio, Court of Common Pleas against Defendants Montgomery County, Ohio, Sheriff's Office ("Office")[1] and Wright-Patterson Air Force Base Sensors Directorate AFRL RYZC & RYZT ("Base"). In the section of the Complaint titled "What do you want from the Court?[,]" Plaintiff wrote: "To perform a the [*sic*] investigation into the coverup pertaining to the deceased Lamonte Brown Jr. dob 10/16/76 – 11/25/18[.]" In the section titled

---

[1] Incorrectly named as "Montgomery County Sheriffs Dept." (Doc. #1-3, PAGEID 14).

"What do you want to happen?[,]" Plaintiff wrote: "Our family is seeking justice[.]" (Doc. #1-3, PAGEID 14). The Base removed the case to this Court on June 28, 2023. (Notice of Removal, Doc. #1). On July 7, 2023, the Office filed a Motion to Dismiss for Failure to State a Claim ("12(b)(6) Motion") (Doc. #4), and on July 31, 2023, the Base filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("12(b)(1) Motion"). (Doc. #7). The Court notified Plaintiff of the 12(b)(6) Motion and 12(b)(1) Motion on July 7 and August 1, 2023, respectively. (Notices, Docs. #5, 8). Plaintiff did not file any memorandum *contra* or otherwise respond to the Motions, and the time for doing so has passed. For the reasons set forth below, both Motions are SUSTAINED.

**I.     Legal Standards**

    **A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v.*

*Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id*. at 679.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Nonetheless, "pro se plaintiffs must still satisfy basic pleading requirements, and courts are not compelled to conjure up facts to support conclusory allegations." *Curry v. City of Dayton*, 915 F. Supp. 2d 901, 903 (S.D. Ohio 2012) (Newman, Mag. J.) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Clark v. Johnson*, 413 F. App'x 804, 817 (6th Cir. 2011)).

B.   Rule 12(b)(1)

The Base, as a federal government entity, has sovereign immunity from suit unless that immunity has been expressly waived or abrogated. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Any purported waiver will be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). In the 12(b)(1) Motion, the Base asserts that it has not waived sovereign immunity. (Doc. #7, PAGEID 41). Thus, to avoid dismissal for lack of subject-matter jurisdiction, Plaintiff must show that the Base's immunity has been waived or abrogated. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

As the challenge in the Rule 12(b)(1) Motion is purely legal, the Base has raised a "facial attack" on the Court's jurisdiction. In evaluating such a challenge, this Court "takes the allegations in the complaint as true, which is a similar safeguard employed under [Rule] 12(b)(6) motions to dismiss." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

II.   Analysis

A.   12(b)(1) Motion

The Base argues that, as an agency of the United States government, it has sovereign immunity, and that that immunity has not been expressly waived or abrogated. (Doc. #7, PAGEID 41). The Base is correct. First, this Court is unaware of any abrogation or waiver that would apply here. Second, despite receiving notice, Plaintiff did not file a memorandum *contra* the Rule 12(b)(1) Motion, and nowhere in the Complaint did he identify the abrogation or waiver of sovereign immunity that would subject the Base to suit. Indeed, Plaintiff's Complaint underscores why the Base is

4

immune. Plaintiff accuses the Base and the Office of engaging in a cover-up with respect to the death of Lamonte Brown. (Doc. #1-3, PAGEID 14). Plaintiff's claim, as best the Court can decipher, sounds as an intentional tort. Yet, most intentional torts are excepted from the waiver of sovereign immunity contained in the Federal Tort Claims Act of 1946. 28 U.S.C. § 2680(h). Also, more generally, immunity is waived only with respect to torts committed by United States government employees and representatives while acting within the scope of their respective employments. 28 U.S.C. § 2679(b)(1). Nowhere in the Complaint does Plaintiff identify the decedent's connection to the Base, or any Base employee at all, much less that an employee was involved in the cover-up and was acting within the scope of his or her employment in doing so.

As stated above, waivers of sovereign immunity must be narrow, explicit, and unequivocal. The allegations in Plaintiff's Complaint fall well short of that exacting standard, and the Base may not be sued based on the facts contained therein. Consequently, the Court lacks subject matter jurisdiction to hear Plaintiff's claims against the Base, and the Complaint must be dismissed as against it.

### B. Rule 12(b)(6) Motion

The Office argues that "having no capacity to be sued, [it] is not a property [sic] party to this action. It is well settled that a county sheriff's office is not *sui juris*." The Office also notes that this Court has also recognized that the Office, as a division of Montgomery County, is not an entity capable of being sued. (Doc. #4, PAGEID 34, quoting *Elam v. Montgomery Cnty.*, 573 F. Supp. 797, 804 (S.D. Ohio 1983) (Rice, J.); citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). The Office also claims

5

that the Complaint should be dismissed because it is so lacking in factual allegations that the Office is not on notice of the claims against it. (*Id.* at PAGEID 34-35, citing FED.R.CIV.P. 8). The Office is correct in both regards. If Plaintiff was seeking to hold the Office liable for actions taken by its employees, then he needed to name Montgomery County itself as a defendant and put Montgomery County on notice of what Office employees did to cover up Lamonte Brown's death. Plaintiff did neither of those things, meaning that dismissal with prejudice is proper. *See, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014), citing *Carmichael v. City of Cleveland*, 881 F. Supp. 2d 833, 841-42 (N.D. Ohio 2012) (affirming dismissal of a county sheriff's office under Rule 12(b)(6) on the grounds that the office is not *sui juris*).

### C. Amendment would be futile

This Court has broad discretion as to whether to grant leave to amend a complaint that is dismissed at the Rule 12 stage. *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017), quoting *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041-42 (6th Cir. 1991). Further, "[n]o abuse of discretion occurs when a district court denies a party leave to amend where such leave was never sought." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). Plaintiff has not sought leave to amend, and the Court concludes that an amended complaint would not survive renewed motions to dismiss. *Sinay*, 872 F.3d at 387. There is no circumstance under which the Office could be a proper party to suit, and the Court is unaware of any exception to the Base's broad entitlement to sovereign immunity. Moreover, from the bare assertions alleged in the Complaint, the Court

6

cannot conceive of how or against whom Plaintiff could fashion a plausible claim for relief. Accordingly, Plaintiff will not be granted leave to amend.

### III. Conclusion

For the foregoing reasons, the 12(b)(6) Motion of the Office (Doc. #4) and the 12(b)(1) Motion of the Base (Doc. #7) are SUSTAINED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE as to the Office and DISMISSED WITHOUT PREJUDICE as to the Base. Judgment shall enter in favor of Defendants and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

January 18, 2024

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT